I agree with the majority's conclusion that the votes cast by F.W. and C.H. in favor of Rowell in the election for the District 3 seat on the Citronelle City Council cannot be counted.
Section 11-46-41, Ala. Code 1975, sets forth the form of oaths to be taken by challenged voters and the penalty to be assessed against a voter for providing a false oath. That section provides for an affidavit that includes a statement as to the affiant's address. See § 11-46-41(c)(12). While F.W.'s and C.H.'s affidavits are not a part of the record, the evidence is undisputed, as the majority points out, that the address given in each of their affidavits is outside District 3.
The trial court found "that there is not sufficient evidence as to any of these voters to establish the falsity of their declaration of the fact of their alleged non-residency." The trial court thus appears to have allowed the affidavits to trump the registration list. But the trial court could not rely upon C.H.'s and F.W.'s affidavits, which set forth addresses established without contradiction at the trial to be outside District 3. While these affidavits, we must assume, also contained the requisite averment, "I have actually resided 30 days in this ward next preceding this day," § 11-46-41(c)(4), neither F.W. nor C.H. was called as a witness at trial to explain the obvious inconsistency in these statements *Page 1093 
as to their respective addresses that was developed by Waltman's evidence. I must conclude that the proof at trial of an internally inconsistent affidavit is prima facie evidence of an illegal vote. On this state of the record, the trial court's conclusion as to lack of evidence to establish the falsity of these affidavits, in the face of Waltman's unrebutted prima facie showing that these two votes were illegally cast, cannot stand. When these votes are thrown out, even if we affirm the trial court as to its allowing the affidavits to have primacy in all other instances, Waltman wins by one vote.
PARKER, J., concurs.